**Twp. Of Worcester v. Office of Open Rec'ds**

C.P. of Montgomery County, no. 09-24448.

*Joseph M. Bagley,* for petitioner.

*Craig J. Staudenmaier,* for respondents.

ALBRIGHT, *J.,* March 4, 2011—

The respondent, James Mollick ("Mr. Mollick") appeals from this court's order, dated September 30, 2010, sustaining the appeal of the Township of Worcester (the "township"), and reversing in part and affirming in part the Office of Open Records' ("OOR") July 8, 2009 final determination. For the reasons that follow, including the trial court's findings of fact and

conclusions of law[1] contained within its order of September 30, 2010, which are incorporated herein as if the said findings and conclusions were set forth in their entirety, the undersigned believes that the order appealed from should be affirmed.

## FACTS AND PROCEDURAL HISTORY

This appeal arises out Mr. Mollick's April 6, 2009 record requests, made pursuant to Pennsylvania's Right-to-Know Law, 65 P.S. § 101, et seq. ("RTKL"), directed to the township, seeking emails of township supervisors transmitted on their personal computers. In response to that request, John Cornell, the township's open records officer, issued a letter, dated May 7, 2009, denying Mr. Mollick's requests in their entirety, finding that the pieces of information sought were not subject to disclosure since the documentation in question either failed to qualify as a "public record," was not in the possession of the township, or was privileged. Mr. Mollick appealed the township's denial to the OOR, which, on July 8, 2009, issued its final determination, granting, in part, and denying, in part, Mr. Mollick's appeal and directing the township to provide certain requested documents to Mr. Mollick.

On August 7, 2009, the township filed a petition for review of OOR's July 8, 2009 final determination, which was subsequently heard by the undersigned who, after the presentation of argument and briefs by the parties and following a thorough review of the record presented, issued findings of fact and conclusions of law with an order, dated September 30, 2010, sustaining the township's appeal and reversing, in part, and sustaining, in part, OOR's July

---

1. See Findings of Fact and Conclusions of Law at Appendix A.

8, 2009 final determination. The trial court's order was thereafter appealed by Mr. Mollick, who, in response to the request of the undersigned, submitted his concise statement of matters complained of on appeal (Pa. R.A.P. "1925(b) Statement"), which consisted of the following:

1. Whether the trial court erred in determining that Mollick, as a requester under the Right-to-Know Law, bore the burden of proof to first prove the records requested were "public records" in contradiction of the presumption set forth in 65 P.S. §67.305(a).

2. Whether the trial court erred in holding that elected supervisors of a township while deliberating on issues of township business via e-mail, were not a "local agency" nor encompassed within the definition of "local agency" under the Right-to-Know Law, 65 P.S. §67.102.

3. Whether the trial court erred in determining that e-mails sent by and among a quorum of township supervisors deliberating on matters of township business on their personal e-mail accounts and/or computers could not, as a matter of law, be records and public records under the Right-to-Know Law.

4. Whether the trial court erred in determining that e-mails sent by and among a quorum of township supervisors deliberating on matters of township business on their personal e-mail accounts and/or computers were not "in the possession of" a local agency under the Right-to-Know Law.

5. Whether the trial court erred in determining that e-mails by and among a quorum of township supervisors

deliberating on matters of township business on their personal e-mail accounts and/or computers did not constitute a "meeting" under the Sunshine Act, 65 Pa. C.S.A. §701, 703.

6.    Whether the trial court erred in determining that the Right-to-Know Law and the Sunshine Act should not be read in pari materia.

7.    Whether the trial court erred in determining that e-mails by and among a quorum of township supervisors which were merely copied to the township solicitor, without in-camera review or other evidence of the nature and extent of the e-mails, constituted documents protected by the attorney-client privilege and were, thus, exempt under the Right-to-Know Law and further erred in shifting the burden of proof from the township asserting the attorney-client privilege to Mollick to prove that the privilege did not apply.

8.    Whether the trial court erred by misinterpreting and/or misapplying the holding in *Nationwide Mutual Insurance Company v. John Fleming, et al*, 924 A.2d 1259 (Pa. Super. Ct. 2007), *appeal granted*, 594 Pa. 311 (2007), and thus failed to apply the correct standard under the current law of Pennsylvania with regard to documents protected from disclosure under the statutory attorney-client privilege, 42 Pa. C.S.A. §5928.

9.    Is allowing a quorum of township supervisors to deliberate on matters of township business by e-mail on their personal e-mail accounts and/or computers and thus holding that those e-mails are not records or

public records a violation of the public policy of this Commonwealth as embodied in the provisions of the Right-to-Know Law, 65 P.S. §67.101 et seq., and the Sunshine Act, 65 Pa.C.S.A. §701 et seq.

## DISCUSSION

The Commonwealth Court of Pennsylvania recently held, in a case of first impression, that certain information, including emails and documents, identified on a township commissioner's personal computer was not a public record. *In re Silberstein,* 11 A.2d 629 (Pa. Commw. 2011). In that case, the appellate court reasoned as follows:

> Commissioner Silberstein is not a governmental entity. He is an individual public official with no authority to act alone on behalf of the Township. Consequently, emails and documents found on Commissioner Silberstein's personal computer would not fall within the definition of record as any record personally and individually created by Commissioner Silberstein would not be a documentation of a transaction or activity of York Township, as the local agency, nor would the record have been created, received or retained pursuant to law or in connection with a transaction, business or activity of York Township. In other words, unless the emails and other documents in Commissioner Silberstein's possession were produced with the authority of York Township, as a local agency, or were later ratified, adopted or confirmed by York Township, said requested records cannot be deemed "public record" within the meaning of the RTKL as the same are not "of the local agency." *Id.* at 633-34.

Consistent with the Commonwealth Court's analysis

in *Silberstein*, neither are the records of e-mails sought by Mr. Mollick from the Worcester Township supervisors' personal computers to be characterized or otherwise defined as "public records" subject to disclosure under the RTKL. See *Id*. The township supervisors who were the recipients of Mr. Mollick's record requests, are, indeed, public officials, who, as individuals elected to public office, are not to be considered as separate government entities vested with the authority to act alone on behalf of the township. Rather, the township supervisors, as public officials, are charged with the responsibility of governing together.[2] Heeding the wisdom and authority of *Silberstein*, the trial court in this case concluded that the e-mails which were created individually and personally by the supervisors and maintained on the latters' personal computers do not constitute documentation of a transaction or activity of the township, created, received, or retained pursuant to law or in connection with a transaction, business or activity of the township.[3] See *Id*. (referencing 65 P.S. § 67.102) Nor do the supervisors' e-mails qualify as "public records," since they were not produced with the authority of the local agency, nor later ratified, adopted or confirmed by that agency. See *Id*. at 633. Accordingly, invoking and

2. "Local agency." Any of the following:
(1) Any political subdivision, intermediate unit, charter school, cyber charter school or public trade or vocational school.
(2) Any local, intergovernmental, regional or municipal agency, authority, council, board, commission or similar governmental entity, 65 P.S. § 67.102.
3. "Record."
Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document. 65 P.S. § 67.102.

applying the logic of *Silberstein*, which this case parallels in so many different respects, the undersigned is led to the unavoidable determination that the information described and which is the focus of the underlying dispute is not subject to disclosure under the RTKL.

## CONCLUSION

For all of the reasons set forth in the undersigned's findings of fact and conclusions of law, and those set forth above, the trial court believes that its order, dated September 30, 2010, sustaining the township's appeal and reversing, in part, and affirming, in part, the OOR's July 8, 2009 final determination, should be affirmed.